(102 So. 433)

TAYLOE et al. v. DAVIS et al.  (3 Div. 658.)

(Supreme Court of Alabama.  Nov. 6, 1924.
Rehearing Denied Dec. 4, 1924.)

1. **Constitutional law** ⟊77—**Power not conferred by Budget Commission Act on Governor and commission to dictate introduction and amendment of bills; "secure the introduction."**

Gen. Acts 1919, p. 34, § 5, held not open to attack of attempting to confer on Governor and budget commission power to dictate introduction of bills in the Legislature, and amendments thereto while pending; direction to "secure the introduction" meaning no more than to present and recommend the bills to the Legislature, consistent with duty of Governor, auditor and Attorney General, under Const. 1901, §§ 70, 123, as to preparing and recommending general revenue bill; and the language as to amendments clearly implying that they shall be offered only in constitutional manner.

2. **States** ⟊35—**Joint rules not inconsistent with power of houses of Legislature.**

Making joint rules is not inconsistent with Const. 1901, § 53, empowering each house to determine the rules of its procedure.

3. **States** ⟊35—**Power of houses of Legislature to make rules, subject to rules in Constitution.**

Power of each house under Const. 1901, § 53, to make its rules of procedure is subject to rules prescribed by the Constitution, as sections 45, 61–64, 106.

4. **States** ⟊35 — **Rule requiring two-thirds vote to alter budget bill unconstitutional.**

Budget Law, § 6, in so far as requiring a two-thirds vote to alter or amend a budget bill, is void, the Constitution of 1901 as a whole recognizing rule by majority, except where specified, and sections 63, 64, meaning to prescribe a majority as the vote necessary to pass a bill or adopt an amendment thereto, except as otherwise fixed in the Constitution.

5. **Constitutional law** ⟊42 — **Taxpayer can question constitutionality of rule for passing budget bill.**

A taxpayer has such an interest in having appropriations made in the manner fixed by the Constitution that he can raise question of constitutionality of rule prescribed by statute requiring two-thirds vote to alter or amend budget bill.

6. **Constitutional law** ⟊46(1)—**Determination of question of constitutionality held necessary within rule for consideration.**

Within the rule that constitutionality of statute should not be passed on unless necessary to right decision of the cause, it is enough that determination of constitutionality of a section of a statute is necessary to bring under review the further question whether such section, if unconstitutional, infects and avoids the whole statute on which the rights of the parties depend.

7. **States** ⟊35—**Rule of priority in considering budget bills, constitutional.**

Budget Law, § 7, declaring a rule of priority in considering budget bills over other appropriation bills, is within the power of each house to regulate its procedure.

8. **States** ⟊35—**Rule for joint hearings on budget bills with assistance of commissioner in discretion of Legislature.**

The joint public hearings on budget bills, with the assistance of a member of the budget commission, provided by Budget Law, § 10, are within the discretion of the Legislature; no rule of procedure fixed by the Constitution being violated thereby.

9. **Statutes** ⟊64(2) — **Whole act not voided by invalidity of rule of procedure in Legislature prescribed by Budget Law.**

Budget Law, § 6, prescribing as a rule of procedure in the two houses that a two-thirds vote shall be necessary to alter budget bills, held not such an essential element of the law that its invalidity will render the whole law void.

10. **Officers** ⟊30—**Members of budget commission do not hold two offices of profit.**

The members of the budget commission created by Gen. Acts 1919, p. 33, and composed of the Governor, the Attorney General and the state auditor, to whom by Gen. Acts 1923, p. 22, was added the chief examiner of accounts, do not hold two offices of profit at the same time, within the prohibition of Const. 1901, § 280, but there is a mere imposition of new duties on existing offices.

11. **Officers** ⟊100(1)—**May be awarded extra compensation for new duties without violating prohibition against increase of salary during term.**

For new and additional duties imposed on an office, an incumbent thereof may be awarded extra compensation without violating Const. 1901, §§ 118, 281, forbidding an increase of salary during term.

12. **Attorney General** ⟊3 — **States** ⟊63 — **Statutes giving extra compensation for added duties held valid.**

Gen. Acts 1919, p. 878, providing compensation for members of the budget commission, except the Governor, for duties imposed by Budget Law, and Gen. Acts 1923, p. 40, providing extra compensation for Attorney General for extra duties of furnishing opinions to county officers, thereby imposed by him, held valid.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by W. H. Tayloe and W. C. Swanson against Harwell G. Davis, William B. Allgood, Charles E. McCall, and George W. Ellis, to enjoin payment of increased salaries to respondents as state officers. From a decree sustaining demurrer to the bill, complainants appeal.  Affirmed.

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. H. Tayloe, of Uniontown, S. H. Dent, Jr., and W. C. Swanson, both of Montgomery, and S. D. Logan, of Centreville, for appellants.

Section 6, p. 33, Acts 1919, is void. Const. 1901, §§ 52, 53. 1 Hinds' Precedents of the House of Representatives of the U. S., §§ 187, 210; 4 Hinds' Prec. §§ 3298, 3579; 5 Hinds' Prec. §§ 6002, 6743–6747, 6765, 6766; U. S. v. Ballin, 144 U. S. 1, 12 S. Ct. 507, 36 L. Ed. 321. The journal shows the refusal of the House to strike out this section; and the journal is conclusive proof of legislative intent. House Journal, 1919, vol. 1, p. 377; 4 Mayfield's Dig. p. 860, § 160; King L. Co. v. Crow, 155 Ala. 504, 46 So. 646, 130 Am. St. Rep. 65. The act is in violation of section 45 of the Constitution. Ballentyne v. Wickersham, 75 Ala. 536. Section 6 is not separable from the remainder, and the whole act is void. Powell v. State, 69 Ala. 10; Cooley's Const. Lim. (7th Ed.) 246; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481. One person may not hold two offices of profit at the same time. Const. 1901, § 280; State v. Lea, 211 Ala. 68, 99 So. 170; Montgomery v. State, 107 Ala. 372, 18 So. 157; Michael v. State, 163 Ala. 425, 50 So. 929; 22 R. C. L. 396. The salary of a state officer may not be increased during his term. Const. § 281; Id. § 118; Willett v. Weaver, 205 Ala. 268, 87 So. 601; Morgan County v. F. & D. Co., 200 Ala. 690, 77 So. 233; Chapman v. Walbridge, 153 Mo. 194, 54 S. W. 447; Tillman v. Wood, 58 Ala. 578; Troup v. Morgan County, 109 Ala. 162, 19 So. 503; Mechem on Public Officers, § 858; Folk v. St. Louis, 250 Mo. 116, 157 S. W. 71; Rowland v. New York, 83 N. Y. 373.

Thomas C. McClellan, of Birmingham, and James J. Mayfield and Marion Rushton, both of Montgomery, for appellees.

Complainants cannot question the validity of the joint rules of procedure established by the Legislature. Const. 1901, § 53; 25 R. C. L. 876; Railway Co. v. Gill, 54 Ark. 101, 15 S. W. 18, 11 L. R. A. 452; Miller v. City, 155 Iowa, 706, 136 N. W. 1045; McDonald v. State, 80 Wis. 407, 50 N. W. 185; Manigault Case, 199 U. S. 473, 26 S. Ct. 127, 50 L. Ed. 274. A person cannot attack the constitutionality of a statute, unless he shows that its enforcement deprives him of a constitutional right. 6 R. C. L. 89; 12 C. J. 764; Fairhope S. T. Corp. v. Melville, 193 Ala. 289, 69 So. 466. Neither of the acts assailed offends either section 281 or section 118 of the Constitution. Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Roden v. Griffin, 179 Ala. 633, 60 So. 925; Groesbeck v. Auditor General, 216 Mich. 243, 184 N. W. 870, 21 A. L. R. 249; State ex rel. Payne v. Reeves, 44 S. D. 568, 184 N. W. 993; State ex rel. McMasters v. Reeves, 44 S. D. 612, 184 N. W. 1007; Garrett v. Comm. Court (Tex. Civ. App.) 230 S. W. 1010; Clarke v. Carter, 174 Ala. 266, 56 So. 974; Miller v. Griffith, 171 Ala. 337, 54 So. 650; State ex rel. Younger v. Clausen, 111 Wash. 241, 190 P. 324; State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870. The Budget Act does not offend section 280 of the Constitution. State ex rel. Ray v. Blease, 95 S. C. 403, 79 S. E. 247; Houston v. Stewart, 99 Tex. 67, 87 S. W. 663; State v. Somnier, 33 La. Ann. 237; State v. Potterfield, 47 S. C. 75, 25 S. E. 39; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57; McCullers v. Wake County, 158 N. C. 75, 73 S. E. 816, Ann. Cas. 1913D, 507.

BOULDIN, J. This is a taxpayers' bill to enjoin the state auditor from issuing, and the state treasurer from paying, certain warrants to members of the budget commission, for compensation allowed them by acts of the Legislature, and further compensation to the Attorney General under an act relating to his office.

The theory of the bill is: That certain sections of the act to create the state budget commission (Gen. Acts 1919, p. 33) are unconstitutional and void. That, therefore, the entire act is void, and imposes no legal powers or duties upon the members of the budget commission for which compensation may be allowed, as provided by General Acts of 1919, p. 878. That, if the Budget Act is valid, the Compensation Act is violative of sections 118 and 281 of the Constitution, forbidding increase or decrease of the compensation of officers during the term for which they shall have been elected; or, is violative of section 280 forbidding any person to hold two offices of profit at one and the same time.

The same objections are urged against the compensation allowed under the act to further regulate the office of Attorney General. Acts 1923, p. 40.

The act first assailed in argument is styled:

"An act to better secure the administration of the financial affairs of the state in respect to expenditures and appropriations; and for that purpose to establish a state budget commission, and prescribe rules and regulations governing the same." Gen. Acts 1919, p. 33.

It creates a state budget commission, composed of the Governor, as chairman, the Attorney General, and the state auditor. By amendment, the chief examiner of accounts was added to the commission. Acts 1923, p. 22.

Each state officer and head of department or institution receiving appropriations from the state treasurer is required at stated times to file with the commission a detailed estimate of the needs of the department or institution for the next quadrennial period,

with probable revenues; also statement of revenues and expenditures during the last quadrennium. The state auditor is required to furnish further detailed information of revenues and expenditures, with the financial status of each department. From this and other information the budget commission shall prepare and submit a budget containing a complete plan of proposed expenditures and estimated revenues for the ensuing quadrennium. This is a summary of sections 1 to 4 of the act. Section 5 reads:

"The Governor shall transmit to the presiding officer of each house, the budget, and bills for all proposed appropriations of the budget, clearly itemized and classified, and the Governor shall secure the introduction of the said bill or a copy thereof in each house, as soon as practicable after they have been presented to the presiding officers and are ready for introduction. If before final action thereon by the state Legislature the budget commission may desire the bills to be amended or supplemented, it may through its chairman deliver such amendment or supplement to the presiding officer of both houses or otherwise cause them to be presented in said houses under the rules and regulations governing their procedure, to the end that such supplements or amendments may be offered and may become a part of the budget bill, as if originally inserted therein, and such amendment or supplement when properly made, shall thereby become a part of said budget bills as an addition to the items in said bills as originally introduced or as a modification of or substitute for any item in said bills which such amendment' or supplement may affect."

[1] This action is attacked upon the ground that it seeks to confer power on the Governor and budget commission to dictate the introduction of bills in the Legislature and amendments thereto while pending. The direction to the Governor to "secure the introduction" of such bills is entirely compatible with the constitutional duty of the Governor to recommend for the consideration of the Legislature such measures as he may deem expedient (Const. § 123), and the duty of the Governor, Auditor and Attorney General to prepare a general revenue bill to be presented to the House of Representatives by the Governor. Const. § 70. Construing this section fairly, with a view to give it a meaning in keeping with the Constitution, we think the words "secure the introduction" mean no more than to present and recommend the bills to the Legislature that they may be introduced in the regular way. The wording takes no note of the remote possibility that no member of the Legislature would introduce a bill prepared and presented by the Governor and his associates as required by law. The section expressly declares that proposed amendments shall be presented under the rules and regulations governing the procedure of each house, that they may be offered or introduced in such manner as to become a part of the budget bill. This language clearly implies that amendments shall be offered only in the manner declared in the Constitution.

Section 6 of the act reads:

"That the following regulation and restriction shall be deemed and treated as a rule of procedure in the two houses, and the same will be observed in dealing with the budget bills, to wit: The legislature will not alter said bills except to strike out or reduce items therein, unless by a vote of two-thirds of the members elected in both houses, provided, however, that appropriations necessary for the payment of interest or principal due on the public debt will not be reduced or eliminated."

This section deals with the procedure on pending budget bills, the manner in which they may be amended. "Each house shall * * * determine the rules of its proceedings." Const. § 53.

In United States v. Ballin, Joseph & Co., 144 U. S. 1, 12 S. Ct. 507, 36 L. Ed. 321, dealing with a like provision of the federal Constitution as applied to a rule for ascertaining the presence of a quorum, it was said:

"Neither do the advantages or disadvantages, the wisdom or folly, of such a rule present any matters for judicial consideration. With the courts the question is only one of power. The Constitution empowers each house to determine its rules of proceedings. It may not by its rules ignore constitutional restraints or violate fundamental rights, and there should be a reasonable relation between the mode or method of proceeding established by the rule and the result which is sought to be attained. But within these limitations all matters of method are open to the determination of the house, and it is no impeachment of the rule to say that some other way would be better, more accurate or even more just. It is no objection to the validity of a rule that a different one has been prescribed and in force for a length of time. The power to make rules is not one which once exercised is exhausted. It is a continuous power, always subject to be exercised by the house, and within the limitations suggested, absolute and beyond the challenge of any other body or tribunal."

[2] The power of each house to determine its rules is the power in either house to adopt the same rules as the other, the power to make joint rules not inconsistent with the Constitution.

[3] The point of concern in dealing with section 6 of the Budget Act, above quoted, arises upon a consideration of the rules of procedure prescribed by the Constitution itself. Section 53 must be construed in connection with other provisions. The power to make rules cannot overturn those rules relating to the course of pending legislation imbedded in the Constitution.

What are these constitutional rules? No law shall be passed except by bill, and no bill amended so as to change its original

purpose. Section 61. No bill shall become a law until it shall have been referred to and acted upon by a standing committee. Section 62. Every bill shall be read on three different days in each house, the final reading to be at length, and passed by a majority vote of yeas and nays entered on the journals. Section 63. Section 64 reads:

"No amendment to bills shall be adopted except by a majority of the house wherein the same is offered, nor unless the amendment with the names of those voting for and against the same shall be entered at length on the journal of the house in which the same is adopted, and no amendment to bills by one house shall be concurred in by the other, unless a vote be taken by yeas and nays, and the names of the members voting for and against the same be recorded at length on the journal; and no report of a committee of conference shall be adopted in either house, except upon a vote taken by yeas and nays, and entered on the journal, as herein provided for the adoption of amendments."

There are rules for the style of laws, the titles of laws, and the form of amendments to existing laws (section 45); rules for the passage of local laws (section 106); and other rules will suggest themselves. No argument is needed to demonstrate that no rule of either house can evade or avoid the effect of these provisions. Precedents without number may be readily recalled.

[4] Reverting to section 64 as applied to section 6 of the act before us, the inquiry is: Has either or both houses the power to make or enforce a rule requiring a two-thirds vote to amend a budget bill? The Constitution declares a majority of each house shall constitute a quorum to do business. Section 52. A number of provisions specify the vote required on special matters. For example, a unanimous vote to extend the privileges of the floor (section 57); two-thirds vote to expel a member (section 53); two-thirds vote to dispense with reading bill at length on final passage (section 66); two-thirds vote to take up legislation not embraced in the call of a special session (section 76); two-thirds vote to alter or arrange county boundaries (section 39); a majority of the whole number elected to each house to pass a bill over the veto of the Governor (section 125); three-fifths of the members elected to each house to submit amendments to the Constitution (section 284), etc.

Viewing the Constitution as a whole, we are impressed that in spirit it recognizes the fundamental principle that a democracy functions by rule of the majority. Wherein a different rule of legislative action is deemed best, such rule is set forth in the Constitution. Section 63, requiring a majority of each house assembled ready for business, to pass a bill, and section 64, requiring the same majority to amend a pending bill, mean to fix and prescribe the vote necessary to pass a bill or adopt an amendment thereto, except as otherwise fixed in the Constitution. An amendment duly presented, entered on the journal, and adopted by majority vote taken by yeas and nays entered on the journal, and concurred in by the other house in like manner, becomes a part of the pending bill. King Lbr. Co. v. Crow, 155 Ala. 504, 46 So. 646, 130 Am. St. Rep. 65; 25 R. C. L. p. 876, § 123, and §§ 150, 151, p. 898.

[5] Section 6 of the Budget Law, in so far as it requires a two-thirds vote to alter or amend a budget bill, is void. It is suggested that a taxpayer cannot raise the question; that no injury is shown by the mere promulgation of a rule which does not bind either house in future Legislatures; and that the rule only tends to prevent increased appropriations to the hurt of the taxpayer.

We are not prepared to assent to the proposition that a taxpayer has no interest in having appropriations made in the manner fixed by the Constitution, and the subjects as well as amounts of appropriations determined by chosen representatives charged with that duty.

[6] We are not unmindful of the rule that the constitutionality of a statute should not be passed upon unless duly presented and necessary to the right decision of the cause before us. Here the question is directly presented, and its decision necessary to bring under review the further question whether section 6 infects and avoids the entire Budget Act. Moreover, the question involved is one of public concern. The rule is incorporated in the statute. Future Legislatures are invited though not bound, to readopt and to adhere to it in dealing with budget bills. It concerns the maintenance of the autonomy of the co-ordinate departments of government, and maybe the validity of future legislative acts. To deal with the question we deem a part of our duty to support the Constitution.

[7] Section 7 of the Budget Law merely declares a rule of priority in considering budget bills over other appropriation bills. This is within the power of each house to regulate its procedure. Other provisions of section 7 give legislative recognition to the requirements of section 71 of the Constitution.

[8] The joint public hearings on budget bills, with the assistance of a member or members of the budget commission, called for by section 10 of the Budget Law, are entirely within the discretionary power of the Legislature, and these provisions violate no rule of procedure fixed by the Constitution. We find no merit in objections raised to the several sections of the Budget Act on constitutional grounds, save section 6.

[9] Does this infirmity render the entire

act void? It is earnestly argued that the act as a whole evinces a purpose to delegate to the budget commission, composed of officers of the executive department, legislative powers in the matter of appropriations; that section 6, limiting the power to amend budget bills, is a vital part of the scheme of legislation; and, that section being invalid, the entire law is likewise void.

We take a wider view of the spirit of the act. The real work of the budget commission is a full survey of the departments of state government; an appraisement of their management and their needs; an estimate of revenues reasonably available; and the making of a budget. This task is committed to a body of officials whose connection with the financial affairs of the state and all its governmental interests fits them to give valuable advice of the kind. This co-operative work is an aid to the Governor in the performance of his constitutional duty to give information and advice to the Legislature from time to time. An appropriation bill is the natural complement of a revenue bill. The income and the outgo must be considered together in a comprehensive constructive way, if we are to have an efficient economic government.

In making up the budget and presenting bills in conformity therewith, the services of the commission are advisory. Section 6 deals with the action to be taken by the Legislature on pending appropriation bills. It is severable from the general provisions of the bill. Being a rule of procedure it expires with the Legislature adopting it, unless readopted by future Legislatures. We may say this section severs itself by the nature of it. We cannot assume the legislative intent was that there should be no budget law unless accompanied with a surrender of legislative responsibility in dealing with pending bills. Rather do we assume that the thoughtful legislator welcomes aid in meeting the responsibility which is his in the final enactment of revenue and appropriation bills.

[10] The members of the budget commission are not holding two offices of profit within the meaning of section 280 of the Constitution. When, in the exigencies of government, it is necessary to create and define new duties, the legislative department has the discretion to determine whether additional offices shall be created, or these duties shall be attached to and become ex-officio duties of existing offices. The power extends to the consolidation of offices resulting in abolishing one and attaching its powers and duties to the other. It matters not that the name commission or board is given to the body created. The officers named in the budget bill could be called the Governor's counsel or cabinet when engaged in the joint duties imposed upon them by virtue of their respective offices.

[11] It has now been long declared by this court that for new and additional duties an incumbent of a public office may be awarded extra compensation without a violation of sections 118 or 281, forbidding an increase of salary during the term. It may be said a rule of legislative policy has grown up by the sanction of this court's construction of these sections.

We think there is no need to review the ground of these decisions. We may say that while a public officer takes his office cum onere, and is required to perform the duties from time to time prescribed by law, there is inherent justice in granting compensation for the increased labor and responsibility imposed by new legislation. The just legislator may be rather disposed to create a new office, than to impose unexpected new burdens on an existing officer without compensation. Nor do we think any sound objection obtains to conferring new duties, with compensation, upon the officer who, by reason of knowledge and experience, is best fitted to the new task. Fitness for the new duties growing out of experience in former official labors may furnish the opportunity to get efficient service at minimum expense to the state.

That the duties required of members of the budget commission are substantial, that they involve added labor and responsibility, is not questionable. There appears no purpose to create a mere colorable pretext to increase salaries. They are new duties, joint or cooperative duties, having no existence before. They become incident to the office only by their creation, and assignment to the office. The same is true of the duty of the Attorney General to furnish opinions to county officers under the act of 1923. While it was his former duty to give official opinions, this act extended his labors into a new field of official advice.

[12] We conclude that both compensation acts are valid, and the state auditor and state treasurer are in the performance of official duty in issuing and paying the warrants involved. Jackson v. Sherrod, 207 Ala. 245, 92 So. 481; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Roden v. Griffin, 179 Ala. 633, 60 So. 725; Groesbeck v. Fuller, 216 Mich. 243, 184 N. W. 870, 21 A. L. R. 249; State ex rel. Payne v. Reeves, 44 S. D. 568, 184 N. W. 993; State ex rel. McMasters v. Reeves, 44 S. D. 612, 184 N. W. 1007; Garrett v. Commissioners' Court (Tex. Civ. App.) 230 S. W. 1010; Clarke v. Carter, 174 Ala. 266, 56 So. 974; Miller v. Griffith, 171 Ala. 337, 54 So. 650; State ex rel. Younger v. Clausen, 111 Wash. 241, 190 P. 324; State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870.

The recent case of State ex rel. Griswold

v. Lea, 211 Ala. 68, 99 So. 170, is not at variance with the foregoing authorities. It involved a statute, wherein the judge of a court of limited constitutional jurisdiction had conferred upon him, ex officio, the judgeship of another court of higher jurisdiction. The new duties imposed could not be attached to the former office. Of necessity, by force of the Constitution itself, the new act created a new office, and the incumbent could not hold and receive the compensation of both.

The decree of the court below is affirmed. Affirmed.

All the Justices concur.