*184 Members of the Senate
State Capitol
Montgomery, Alabama
Dear Sirs:
The Honorable McDowell Lee, Secretary of the Senate, forwarded to the members of the Alabama Supreme Court the following Senate Resolution No. 70:
“WHEREAS there [is] pending or [has] just been adopted in both Houses of the Legislature S.J.R. 69, which relates to the order of business of both Houses of the Legislature on the Tenth Legislative Day, and [this resolution conflicts] with provisions of the Alabama Sunset Law of 1976, as amended, Sections 41-20-1 through 41-20-16, Code of Alabama 1975, and particularly Section 41-20-10; now therefore
BE IT RESOLVED BY THE SENATE OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional questions which have arisen concerning the proper procedure of the two Houses of the Legislature:
1. In view of the fact that Section 53 of the Constitution of Alabama specifically delegates to each House of the Legislature the power to prescribe the rules of its procedure, but does not stipulate the form in which such rules may be guised, does the latest expression of the Houses on the matter of rules procedure, though contained in resolution form, supersede earlier rules contained in statutory form?
2. In view of the fact that the legislative power of this state vested in the Legislature by Section 44, of the Alabama Constitution is plenary, except as limited by the state or federal constitution, and there is no limitation in Alabama’s Constitution on the form or the manner in which rules governing legislative procedure must be expressed, would the latest rule of legislative procedure supersede any rules theretofore prescribed, regardless of the form of the prescription?
RESOLVED FURTHER, That the Secretary of the Senate is hereby directed to send five true copies of the above-cited Senate [Resolution] to the Clerk of the Supreme Court of Alabama, and to trans--mit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
The Joint Resolution of the Senate and House of Representatives (S.J.R. 69), seeks to alter certain procedures in Section 41— 20 — 10, Code of 1975. This section of the code is part of the Alabama Sunset Law of 1976.
The Senate, or the House of Representatives, or both houses acting jointly, has *185 the “. . . power to determine the rules of its proceedings . . . Section 53, Constitution of Alabama. As a coordinate branch of government, the legislature’s power is plenary unless controlled or limited by other provisions of the constitution. The Courts cannot look to the wisdom or folly, the advantages or disadvantages, of the rules which a legislative body adopts to govern its own proceedings. Tayloe v. Davis, 212 Ala. 282, 102 So. 433 (1924); Opinion of the Justices No. 185, 278 Ala. 522, 179 So.2d 155 (1965).
Recognition of the principle announced in the above cases does not, however, answer the questions posed. The question remains as to whether any other provisions of the constitution inhibit the power given in Section 53.
Section 61, provides that, “No law shall be passed except by bill . . . .” If no law can be enacted except by the passage of a bill, then it is clear that no law may be amended by means other than the passage of a bill. Therefore, a joint resolution cannot be used to amend an existing statute.
We are of the opinion that for an amendment to an existing statute to be valid, it must be passed in accordance with the same constitutional requirements as were necessary to enact the original statute. See Sections 62 and 63 of the Constitution. In Tayloe, supra, the Court reasoned as follows:
The power of each house to determine its rules is the power in either house to adopt the same rules as the other, the power to make joint rules not inconsistent with the Constitution.
The point of concern in dealing with section 6 of the Budget Act, above quoted, arises upon a consideration of the rules of procedure prescribed by the Constitution itself. Section 53 must be construed in connection with other provisions. The power to make rules cannot overturn those rules relating to the course of pending legislation imbedded in the Constitution.
What are these constitutional rules? No law shall be passed except by bill, and no bill amended so as to change its original purpose. Section 61. No bill shall become a law until it shall have been referred to and acted upon by a standing committee. Section 62. Every bill shall be read on three different days in each house, the final reading to be at length, and passed by a majority vote of yeas and nays entered on the journals.
******
There are rules for the style of laws, and the form of amendments to existing laws (section 45); rules for the passage of local laws (section 106); and other rules will suggest themselves. No argument is needed to demonstrate that no rule of either house can evade or avoid the effect of these provisions. Precedents without number may be readily recalled.
Moreover, we note that Section 45 provides, among other things, that
no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length.
Thus, statutes which are amended must be re-enacted and published at length. Clearly, the phrase “published at length” was intended to require notice to the citizens of the state. We know of no provision in the Constitution requiring public notice of legislative rules.
If the Joint Resolution dealt only with an internal rule of the legislature, not set forth in a state law, it would be a valid exercise of power. However, the Joint Resolution does not merely change a rule of procedure. In actuality, it amends a state law. Thus, the amendment process must comply with the same constitutional formalities as were necessary for the original enactment.
Therefore, we respectfully answer the questions in the negative.
Respectfully submitted,
C. C. TORBERT, JR. Chief Justice
*186 JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
Associate Justices
I am of the opinion that Section 11 of Act No. 512, Acts, 1976 [Code 1975, § 41-20-10], is a rule of procedure, and could not bind either house of a future Legislature; therefore, I believe that the current Legislature, if it desired to do so, could follow a rule of procedure different from that specified by a prior Legislature, without having to adopt a*bill to amend that prior law.
This Court’s case of Tayloe v. Davis, 212 Ala. 282, 102 So. 433 (1924), in my opinion, is authority for the general proposition that a rule of procedure expires with the Legislature adopting it, unless readopted by future Legislatures.
In Tayloe, as I understand that case, a taxpayer brought a suit to challenge an entire Act of the Legislature creating a state budget commission (Gen.Acts. 1919, p. 33) on the ground that Sections 6 and 7 of the Act, which set up the procedure for handling budget bills were unconstitutional. This Court, in discussing the two sections, opined:
“Section 6 of the Budget Law, in so far as it requires a two-thirds vote to alter or amend a budget bill, is void. It is suggested that a taxpayer cannot raise the question; that no injury is shown by the mere promulgation of a rule which does not bind either house in future Legislatures ; and that the rule only tends to prevent increased appropriations to the hurt of the taxpayer.
“We are not prepared to assent to the proposition that a taxpayer has no interest in having appropriations made in the manner fixed by the Constitution, and the subjects as well as amounts of appropriations determined by chosen representatives charged with that duty.
“We are not unmindful of the rule that the constitutionality of a statute should not be passed upon unless duly presented and necessary to the right decision of the cause before us. Here the question is directly presented, and its decision necessary to bring under review the further question whether section 6 infects and avoids the entire Budget Act. Moreover, the question involved is one of public concern. The rule is incorporated in the statute. Future Legislatures are invited though not bound, to readopt and to adhere to it in dealing with budget bills. It concerns the maintenance of the autonomy of the co-ordinate departments of government, and maybe the validity of future legislative acts. To deal with the question we deem a part of our duty to support the Constitution.
“Section 7 of the Budget Law merely declares a rule of priority in considering budget bills over other appropriation bills. This is within the power of each house to regulate its procedure. Other provisions of section 7 give legislative recognition to the requirements of section 71 of the Constitution.
******
“. . . Section 6 deals with the action to be taken by the Legislature on pending appropriation bills. It is severa-ble from the general provisions of the bill. Being a rule of procedure it expires with the Legislature adopting it, unless readopted by future Legislatures. We may say this section severs itself by the nature of it. We cannot assume the legislative intent was that there should be no budget law unless accompanied with a surrender of legislative responsibility in dealing with pending bills. Rather do we assume that the thoughtful legislator welcomes aid in meeting the responsibility which is his in the final enactment of revenue and appropriation bills.” (Emphasis added.)
I candidly admit that this Court opined, in Tayloe, that Section 7 of the Act under consideration merely declared a rule of priority, and was “within the power of each house to regulate its procedure.” I do not admit, however, that Tayloe stands for the proposition that future Legislatures would be bound to follow a statutory procedure, *187 unless they adopted an Act to modify or repeal that prior procedure. Tayloe does say that the Legislature can validly adopt a rule giving priority to certain types of legislation. There is no constitutional impediment to a Legislature’s adopting such a rule of procedure by statute or by rule. Any such rule of procedure would obviously be binding on that Legislature, and, if adopted by an Act of that Legislature, I think it would be binding on it until changed by statute. That’s what I think Tayloe says— that a Legislature can, by statute, prescribe a rule of procedure. I also think that Tay-loe stands for the proposition that a rule of procedure adopted by one Legislature, whether by rule or statute, “expires with the Legislature adopting it, unless readopted by future Legislatures.” As Tayloe suggests: “Future Legislatures are invited though not bound, to readopt and to adhere to it in dealing with budget bills.” (Emphasis added.)
I realize that prior Legislatures have passed many statutes which contain procedural provisions, which purport to govern legislative procedures. When a succeeding Legislature follows any procedural rules provided for by statute, without objection, the Legislature, by its very action, is adopting the statutory procedure, and no problem is created. When a succeeding Legislature, however, does not wish to adopt a statutory procedure which has been established by a previous Legislature, as is the case here, I believe that the Legislature can change that procedure without adopting a Bill.
In short, I think Tayloe is authority for the proposition that rules of procedure expire with the Legislature adopting them, unless readopted by future Legislatures. Tayloe has been cited as authority for this proposition. See 81A C.J.S. States § 52, p. 400; Town of Exeter v. Kenick, 104 N.H. 168, 181 A.2d 638 (1962). I also believe that a substantial majority of the precedents of the House of Representatives suggest that the House, in its procedure, is not bound by a law passed by a former Congress. See 4 Hinds, Precedents of the House of Representatives, §§ 3298, 3579; 5 Hinds, Precedents of the House of Representatives, §§ 6002, 6743-6747.
HUGH MADDOX
Associate Justice