PARKER, Justice
(dissenting).
I respectfully dissent. Section 11-41-1, Ala.Code 1975, provides, in pertinent part:
“When the inhabitants of an unincorporated community, which has a population of not less than 300, constituting a body of citizens whose residences are contiguous to and all of which form a homogeneous settlement or community, desire to become organized as a municipal corporation, they may apply to the judge of probate of the county in which the territory is situated, or the greater portion thereof if it is situated in two or more counties, for an order of incorporation, by a petition in writing signed by not less than 15 percent of the qualified electors residing within the limits of the proposed municipality and by the persons, firms, or corporations owning at least 60 percent of the acreage of the platted or unplatted land of the proposed municipality.”
Given its plain and ordinary meaning, this statutory language provides that a group of at least 300 persons who are inhabitants, i.e., residents, of an unincorporated community may apply to the probate judge in the county in which that territory is located for an order of incorporation. Section 12-13-23, Ala.Code 1975, defines “resident” as follows: “A lawful citizen of this state for all legal purposes other than registration to vote or qualification for elected office.” “ ‘ “ Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect’ ” ’ ” Thomas v. Merritt, [Ms. 1111588, December 6, 2013] — So.3d —, — (Ala. 2013) (quoting Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998), quoting in turn IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). In this case, the intent of the legislature is obvious in that it unambiguously defined “resident” to include any “lawful citizen of this state for all legal purposes other than registration to vote or qualification for elected office”; thus, there were at least 300 “residents” who petitioned the probate court for an order of incorporation. Because there were at least 300 “residents” seeking an order incorporating Caritas Village, the petition to incorporate was due to be granted. Had the legislature intended that the petitioners must physically reside in the area proposed as Caritas Village to meet the requirements of § 11-41-1, it could have used language similar to the language found in the latter part of § 11-41-1, which requires, in relevant part, that “[t]he inhabitants of any island having ... a population of not less than 300 qualified electors actually residing thereon ... may become organized as a municipal corporation”; however, the legislature chose not *1247 to do so. It is well settled that “the legislature knows how to distinguish between ... two terms when it so chooses and ... it has distinguished them in the relevant statutes here.” See, e.g., Belcher v. Kier, 558 So.2d 1039, 1044 (Fla.Dist.Ct.App.1990). Based on the foregoing, I would reverse the order of the Shelby Probate Court denying the petition for incorporation of Caritas Village. Therefore, I must dissent.