262 So.2d 626

Ex parte William C. CLIFTON, Jr.

5 Div. 102.

Court of Criminal Appeals of Alabama.

May 16, 1972.

Arnold W. Umbach, Jr., and Walker, Hill, Gullage & Adams, Opelika, for petitioner.

William J. Baxley, Atty. Gen., and Bernard F. Sykes and Samuel L. Adams, Asst. Attys. Gen., for respondent.

PRICE, Presiding Judge.

This is a petition for mandamus by William Clifton, Jr., to require the respondent Circuit Judge to transfer his criminal case from the circuit court docket to the juvenile court of Lee County, Alabama.

The petitioner avers he is a minor seventeen years of age; that on January 17, 1972, he was indicted by the Lee County Grand Jury for the offense of burglary in the second degree. Petitioner was sixteen years of age at the time of the alleged offense and was seventeen years of age at the time of his said indictment; that at his arraignment on said charge of burglary in the second degree and before pleading to the merits he filed motion for transfer to the juvenile court of Lee County, Alabama, as required by Act No. 1975, enacted by the 1971 Legislature, approved September 20, 1971. Said motion was denied by the trial court.

Act No. 1975, supra, reads:

"Enrolled, An Act, For the purpose of enforcing the laws relative to children; to define further a delinquent child in all counties having populations of not less than 60,000 nor more than 65,000.

BE IT ENACTED BY THE LEGISLA-
TURE OF ALABAMA:

Section 1. For the purpose of enforcing the laws relative to children in all counties having populations of not less than 60,000 nor more than 65,000 according to the most recent federal decennial census the words 'delinquent child' shall mean any child who while under eighteen years of age violates any penal law of the United States or of this state, or any regulation, ordinance or law of any city, town or municipality, or who commits any offense or act for which an adult could be prosecuted in a method partaking of the nature of a criminal action or proceeding; or who is beyond the control of his parent, parents, guardian, or custodian, or who is otherwise incorrigible, or who is guilty of immoral conduct; or who is leading an idle, dissolute, lewd or immoral life; or who engages in any calling, occupation or exhibition punishable by law or is found in any place for permitting which an adult may be punished by law. All such delinquent children shall be subject to the guardianship of the state and entitled to its care and protection as provided in Code of Alabama, 1940, Title 13, Section 350.

Section 2. All laws or parts of laws which conflict with this Act are repealed.

Section 3. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law."

The State has filed a demurrer to the petition and the cause has been argued in this court.

The demurrer asserts that Act No. 1975 does not amend Title 13, Sec. 363, Code of Alabama of 1940, and questions the sufficiency of the petition on the ground, among others, that it affirmatively appears that said Act No. 1975 is a local, not a general law, under Section 110 of the Constitution, and violative of Section 106, for want of public notice as therein required.

The Act is in form a general law, and was passed as a general law without compliance with the requirements of Sec. 106 of the Constitution for the passage of local laws.

■ The courts of this state have held that the rule of construction to be followed in determining whether an act is general or local is that, "When the classification of cities or counties is based upon a difference in population, in order for it to be a general act when it does not have present application to the entire State, it is necessary that there be a substantial difference in the population upon which the classification is made and that difference in population is reasonably related to the purpose to be effected by the act." So that if the difference in population is not substantial or if such difference in population is not reasonably related to the purpose to be effected, the attempted classification will be treated as arbitrary, and the result would be for the act to be local and not general as defined by Section 110 of the Constitution. Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699. See also Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

We judicially know the act has present application only to Lee County whose population by the census of 1970 was 61,268.

The petitioner argues that a reasonable basis for the object of the classification is to relieve the circuit court of a burden of cases without the necessity of adding circuit judges and suggests the possibility of an unusually large number of youthful offenders because one of the state's largest universities is located in Lee County.

■ We are of the firm opinion the classification bears no reasonable relation to the difference in population upon which it rests in view of the purpose to be effected and we regard that which was said by the Supreme Court of Oklahoma in Anderson v. Walker (Okl.) 333 P.2d 570, as applicable here and to be followed in this case.

In Anderson the court pointed out that a special act for Tulsa County defines a "child" as a person less than eighteen (18) years of age, while in all other counties governed by the general laws concerning juveniles an alleged male delinquent residing therein is considered a child only until he reaches the age of sixteen (16) years, therefore, the juvenile court created by the act in question may assume original jurisdiction of male delinquents between the ages of sixteen (16) years, and eighteen (18) years of age, while in counties not covered by said act, a delinquent male over the age of sixteen (16) years, does not come under the jurisdiction of a juvenile court, and would not be entitled to transfer to juvenile court under the general statute which is applicable to delinquents in other counties of the state.

After first stating its opinion that "it is arbitrary and capricious for the Legislature to take 'a natural class of persons' split that class in two and then arbitrarily designate the dissevered faction of the original unit as two classes and thereupon enact different rules of law for the treatment of each," the court said:

"We have been unable to find any distinctive characteristic upon which a different treatment may be reasonably founded for delinquent male persons between the ages of sixteen (16) and eighteen (18) years of age, residents of counties covered by said act, and of those, residents of counties excluded by said act. The difference in population has been held sufficient for the establishment of courts in counties within certain minimum and maximum population. However, we are of the opinion that this characteristic cannot be considered as a distinction by which a different treatment may be founded in said age group. There does not appear in this act any fixed basis for such discrimination and no good reason why all male persons between the ages of sixteen (16) and eighteen (18) years of age within the state should not be subject to the same laws, and the same treatment in the execution thereof."

In Section 350, Title 13, Code of Alabama 1940, a "delinquent child" is defined

as any child under sixteen years of age who violates any penal law of the United States or of this state, etc.

.We know of no reason why delinquent persons in one county and delinquent persons of the same classification in other counties should be subjected to different treatment, and hold that the special classification by population is insufficient to establish this act as a general law under Section 110 of the Constitution.

We hold that the Act in question is a local law and is subject to the terms of Section 106 of the Constitution in respect to its publication.

It follows that the state's demurrer is well founded and is sustained. The petition is denied.

Writ denied.

CATES, ALMON, TYSON and HARRIS, JJ., concur.

CATES, Judge (concurring):

I concur in the opinion of PRICE, P. J.

The effect of this kind of legislation, theoretically at least, would be to permit the Legislature to establish 67 varieties of punishment based solely on the county in which an offense was committed.

Punishment for delinquency verges on making a crime of a condition—not necessarily based on specific prohibited acts, i. e., a status crime. The Supreme Court of the United States has already ruled that a State may not constitutionally make it a crime for a person to be addicted to a narcotic drug. Yet it also has rejected "alcoholism" as removing responsibility for being drunk in public.

For a convicted person seventeen years old to go to the penitentiary if he commits a felony in, say, Tallapoosa County while one similarly situated, except for venue in

Lee, does not go there, to my mind is a denial of equal protection of law. This because there is no valid distinction for the use of different ages for juvenile court treatment between the two counties. Frankly, I can, off hand, see no reason why statewide uniformity of age can legally be deviated from. See Thompson v. State, 274 Ala. 383, 149 So.2d 916.

The old concept of cleavage between rural and urban areas as far as divergent per capita delinquency has been very much eroded. Electricity, automobiles, television, consolidated schools, commuting to work and the rise of the standard of living have all but abolished the "country boy" notion. Racial lines would obviously be impermissible.

Moreover, to some extent there is some public sentiment that juvenile court treatment of juveniles has two flaws. One theory is that the absence of a criminal record coddles juveniles. The other is that an indeterminate term of obedience to a court order causes frustration of rehabilitation because the Sword of Damocles often appears to be suspended only at the court's (not the judge's alone, but of all the bureaucracy of juvenilia) whim.

The Common Law devised juries to make individual distinctions. The jury is an ad hoc quasi-legislative body to fill in the lacunae of the law. It can tell an errant miscreant to go and sin no more. It often finds lesser degrees of guilt than the outward facts show. In short it is the great Mercy Seat of justice.

If we are to go into mass production prosecution we should abandon courts for polygraphs. But if we want adjudication for each man according to what he has done we should go slow in circumventing trial by jury. Different places of confinement for younger offenders, yes; different modes of trial, no. Responsibility for one's acts is the keystone of a legal system.