316 So.2d 221

**Timothy Edward STEPHENS**

v.

**STATE.**

**I Div. 550.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 27, 1975.

**392**

Thomas M. Haas, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Indictment and conviction by a jury for unlawfully possessing marihuana was made a felony by Acts of Alabama 1971, Act No. 1407, p. 2395, § 401, approved September 16, 1971, 1973 Cumulative Supplement, Vol. 6, § 258(47), p. 180. The jury imposed a fine of $2,500.00 (Title 15, § 335, Code of Alabama 1958), and the court sentenced appellant Timothy Edward Stephens to ten years imprisonment.

The vital question here presented is the constitutionality *vel non* of Act No. 517, Acts of Alabama 1963, p. 1105, as amended by Act No. 268, Acts of Alabama 1971, Vol. 1, p. 577, approved August 11, 1971. The constitutional issue is whether these Acts are general with local application or are local acts that fail to meet the mandates of § 106, Constitution of Alabama of 1901. Section 110, Constitution of Alabama of 1901 reads as follows:

"A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association, or corporation."

We here note that the search warrant in the possession of the officers who searched appellant's home and seized marihuana, the alleged controlled substance that was the subject of the indictment, was issued by the Clerk of the Inferior Court of Clarke County pursuant to purported authority in the two Acts, *supra*. The clerk was not a magistrate of the court.

This court clerk purportedly was given authority to issue arrest and search warrants by Act No. 517 and Act No. 268, *supra*.

We refer to Acts of Alabama 1973, Vol. IV, p. 2260, wherein the population census for 1960 and 1970 appears. The census for each county in Alabama is listed separately for the years 1960 and 1970.

Clarke County, wherein the search warrant was issued and the controlled substance seized, had a population in 1960 of 25,738 and in 1970, the population was 26,724. Act No. 517, supra, applied to counties with a population range of 25,700 to 25,900; thus, there was a margin of 200 in the population range. The amendatory Act No. 268, 1971, supra, applied to counties with a population of 26,000 to 26,800, a margin of 800. The population of Clarke County in 1970 was 26,724. It appears further that in each of these census years, 1960 and 1970, Clarke County was the only county in the state that was embraced in these two Acts; Act No. 517, (1963) and Act No. 268, (1971).

We hold that both Acts were unconstitutional for that each was a local act enacted under the guise of a general act with local

application. Neither met the demand requiring publication of local laws, § 106, Constitution of Alabama of 1901.

Both Acts bypassed the magistrate of the Inferior Court and vested authority in the clerk of that court. We do not mean to say that the magistrate was excluded from rendering the service. The clerk was given additional authority.

 We are of the firm opinion the classifications in each Act bear no reasonable relation to the differences, in population upon which they rest in view of the purpose to be effected, and they clearly show they were fixed arbitrarily, guised as a general law, and in fact, each is a local law. Constitution of Alabama of 1901, §§ 45, 105, 106 and 110. These laws are, therefore, in plain violation of the Constitution and cannot be upheld. *Opinion of the Justices*, 275 Ala. 465, 156 So.2d 151; *Ex parte Clifton*, 48 Ala.App. 138, 262 So. 2d 626.

"Search warrants may be issued only by officers authorized to issue them, and one issued by an officer without the power to act is a nullity and a search made pursuant thereto is unreasonable. . . ." 79 C.J.S. Searches and Seizures § 72, p. 852.

▪ The instant search warrant was issued without authority of law and the fruits after illegal search were not admissible in evidence. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684 (1961), 6 L.Ed.2d 1081.

The judgment at *nisi prius* is reversed, the cause rendered, and the defendant is discharged.

The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and rendered.

All the Judges concur.

On Rehearing

SIMMONS, Supernumerary Circuit Judge.

Act No. 517, Acts of Alabama 1963, p. 1105, appears on its face to be a General Act with local application. The constitutionality of the Act was not mentioned or decided in *Kellen v. State*, 49 Ala.App. 467, 273 So.2d 227, cert. denied, 290 Ala. 368, 273 So.2d 235. No contention was made in the motion of defendant to quash the search warrant that Act No. 517, *supra*, authorizing the clerk to issue the search warrant, was unconstitutional.

Opinion extended, application overruled.

All the Judges concur.