375 So.2d 1245 (1979)
Stephen Eugene NEWTON, alias
v.
STATE.
6 Div. 897.
Court of Criminal Appeals of Alabama.
May 1, 1979.
On Rehearing June 26, 1979.
Rehearing Denied August 21, 1979.
*1246 Joel R. Chandler, Tuscaloosa, for appellant.
Charles A. Graddick, Atty. Gen., and Karen Neal Daniel, Asst. Atty. Gen., for the State, appellee.
LEIGH M. CLARK, Retired Circuit Judge.
Appellant-defendant pleaded not guilty to an indictment charging him with the possession of marijuana and expressly waived a trial by jury. He was found guilty, sentenced by the court to imprisonment for eight years, and fined one thousand dollars.
All questions raised on appeal center upon the issue of whether a valid warrant was issued for a search that resulted in the seizure of marijuana in the possession of defendant.
The position of appellant is largely premised upon the contention that a provision of Act No. 551, Acts of Alabama 1977, relative to the powers of district court magistrates, is invalid. Act No. 551 purports to amend the law (in application to Tuscaloosa County), as found in Ala.Code 1975, § 12-17-251(c)(1):
"The powers of a magistrate shall be limited to:
"Issuance of arrest warrants and, where such magistrate is licensed to practice law in Alabama, search warrants;"
The change made in the Code sub-section was to provide that as to Tuscaloosa County,
"any person who was serving as a full-time magistrate, ex-officio judge, or assistant ex-officio judge of any county court of the State, six months prior to the effective date of the implementation of this Act by the creation of a District Court in Tuscaloosa County, and is continuing to serve as a magistrate of a District Court, may issue arrest warrants and search warrants."
The official who issued the search warrant in the case now under review was not an attorney. He was a magistrate of the District Court of Tuscaloosa County. Since 1972 he was continuously either an ex-officio judge of the Tuscaloosa County Court or magistrate of a Tuscaloosa County District Court. He fully met the requirements of a magistrate empowered to issue search warrants under the provisions of said Act No. 551.
Appellant argues here, as he did in the trial court, that Act No. 551 is unconstitutional in that it is violative of the equal protection guaranty of the Fourteenth Amendment to the Constitution of the United States.
It is not for this Court to take sides in any debate as to the relative merits between the law in Tuscaloosa County, which will permit experienced magistrates, whether licensed attorneys or not, to issue search warrants, and the law in other counties in the state that requires that magistrates who issue search warrants be licensed attorneys. We have found no authority, and we have been cited none, to the effect that people whose "persons, houses, papers, and [or] effects" have been, or will be, searched in accordance with a warrant issued by those empowered to issue search warrants in Tuscaloosa County would be denied protection of the laws equally with those whose persons, etc., are searched in other counties of the state pursuant to warrants of magistrates empowered to issue the same under Code 1975, § 12-17-251(c)(1).
Even though Act No. 551 is not offensive to the equal protection guaranty of the Fourth Amendment to the Constitution of the United States, the search in this case cannot be legally justified if made pursuant to a warrant of an official who did not have legal authority to issue a search warrant. Stephens v. State, 55 Ala.App. 391, 316 So.2d 221, cert. denied, 294 Ala.App. 771 (1975), 316 So.2d 223.
*1247 In Stephens, it was held that the warrant issued was invalid by reason of its being issued by an official purportedly authorized to issue search warrants by a local act enacted under the guise of a general act with local application, but which had not been published as required of local laws by § 106, Constitution of Alabama of 1901.
Appellant does not claim that there was any violation of § 106 of the Constitution of Alabama of 1901. He says, however, that the Act was enacted in violation of § 105, Constitution of Alabama of 1901, as follows:
"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."
In support of this contention appellant relies exclusively upon Peddycoart et al. v. City of Birmingham, Ala., 354 So.2d 808 (1978), in which the Supreme Court, per Justice Beatty, sets forth governing principles as to the question of the compliance of a statute with § 105, which principles, according to appellant, show that Act No. 551 violated some of the provisions of § 105 of the Alabama Constitution.
As Act No. 551 was enacted and approved prior to the decision in Peddycoart, supra, we cannot find that said Act violated Section 105 of the Alabama Constitution, for it was distinctly held therein that the principles stated therein and here relied upon by appellant were of prospective application only. Speaking directly to the point, the Court said:
". . . Henceforth when at its enactment legislation is local in its application, it will be a local act and subject to all of the constitutional qualifications applicable to it. With regard to legislation heretofore enacted, the validity of which is challenged, this Court will apply the rules which it has heretofore applied in similar cases."
Appellant says also that there is a conflict between Act No. 551 and Rule 18 II(A)(3)(a), Alabama Rules of Judicial Administration, as follows:
"... The powers of a district court magistrate shall be limited to:
"(a) Issuance of arrest warrants, .. and, where such magistrate is licensed to practice law in Alabama, issuance of search warrants; ..."
In this contention appellant overlooks the first paragraph of Rule 18, as follows:
"I. Administrative Agency Established. 
"There is hereby established an administrative agency within the State of Alabama to be known as the `Magistrates Agency,' which shall be composed of the persons and classes of persons hereinafter described. The persons and classes of persons who constitute the magistrates agency herein created shall serve at the pleasure of the appointing authority, except as otherwise provided herein, and shall exercise the powers and authority granted by this rule, other applicable rules and as provided by law (emphasis supplied)."
To hold that the Legislature of Alabama is not empowered to pass such an act as Act No. 551 is to ignore § 6.01(b) of the new Judicial Article (Constitutional Amendment No. 328), which provides:
"The legislature may create judicial officers with authority to issue warrants and may vest in administrative agencies established by law such judicial powers as may be reasonably necessary as an incident to the accomplishment of the purposes for which the agencies are created."
Another insistence of appellant is that Act 551 was enacted in violation of Code of Alabama 1975 § 12-1-6, as follows:
"Whenever any bill is introduced in any session of the legislature which pertains *1248 to the judiciary, which bill calls for local or less than statewide application, the clerk of the house of representatives or the secretary of the senate shall immediately deliver a certified copy of such bill to the administrative director of courts, who shall, within 10 days after receipt of such certified copy of said bill, file an instrument in writing expressing an opinion pertaining to the constitutionality of such bill. Said instrument in writing shall be filed with the chairman of the house judiciary committee, the chairman of the senate judiciary committee, the clerk of the house of representatives and the secretary of the state senate."
The quoted provision constitutes a codification of § 6-117 of Acts 1975, No. 1205, the statute that implements the New Judicial Article of the Alabama Constitution (Amendment No. 328 approved December 18, 1973). The importance of the Act and the probable need for special safeguards against hasty and uncircumspect modifications of the Unified Judicial System for the state that the Act establishes are underscored by the provisions of § 6-117 of the Act. Even so, the Act is not, and it does not purport to be, a part of the new Judicial Article (Amendment No. 328). Any violation of § 12-1-6 in the procedure for the enactment of Act 551 does not invalidate the Act as finally enacted. The limitations upon the power of the Legislature are confined to those expressed or implied by either the Constitution of the United States or the Constitution of Alabama. Ex parte Foshee, 246 Ala. 604, 21 So.2d 827 (1945); Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757 (1960).
"One legislature cannot bind a succeeding legislature or restrict or limit the power of its successors to enact legislation, except as to valid contracts entered into by it, and as to rights which have actually vested under its rights, and no action by one branch of the legislature can bind a subsequent session of the same branch. Nevertheless during sessions legislative bodies may do and undo, consider and reconsider, as often as they think proper, as only the final results will be regarded as the thing done, and a legislature, in the anticipation of a probable future condition, may provide legal rules to apply thereto."
82 C.J.S. Statutes § 9
Appellant also urges that there was a factual deficiency in the affidavit upon which the search warrant was based. The search warrant was for the person of a codefendant of appellant, Room No. 443 of Days Inn in Tuscaloosa and a 1973 Toyota, grey in color with a Texas tag No. NSN-222. The affidavit was made by an experienced narcotics agent for the police department of Tuscaloosa. His lengthy affidavit detailed his experience. The affidavit was made on May 17, 1977; the search was made about 1:30 that day. It resulted in the seizure of a large quantity of marijuana. Appellant was sitting on a bed in the room at the time, and after being advised fully of his rights he voluntarily confessed that he brought thirty pounds of marijuana into the room that was searched.
The affidavit disclosed that the affiant had been informed on May 17 by Lieutenant Loyd Russell of the Tuscaloosa Police Department, the officer in charge of the West Alabama Narcotics Squad, that he had been informed that appellant's codefendant would be bringing in a large quantity of marijuana to Tuscaloosa and would be staying in the Days Inn in Tuscaloosa and that the marijuana would be transported to the Days Inn in a Toyota automobile; that Lieutenant Russell had personally learned that appellant's codefendant had registered at the Days Inn in Tuscaloosa at approximately 10:00 P.M. on May 16 and was staying in room No. 443 and that he had registered as driving a 1973 Toyota grey automobile with Texas license NSN-222 and that a check with the vehicle registration files in Texas showed that said license number was registered to appellant's codefendant and as belonging to a 1973 Toyota. The affidavit further states that Lieutenant Russell told the affiant that he had received information from a confidential informant that he went inside Room 443 at Days Inn on the morning of May 17, *1249 1977, and smelled burning marijuana. Such informant was a different person from the one who had given Lieutenant Russell the other information. The affidavit further shows that both confidential informants mentioned in the affidavit had "on numerous occasions in the past given him [Lt. Russell] information regarding narcotic and dangerous drug traffic and violations arising therefrom and each time the information had proved to be true, correct and reliable."
The argument of appellant that the informant who said he smelled burning marijuana in the room was not shown to have been qualified to testify as to the odor of marijuana smoke and that this alleged infirmity in the affidavit prevented the affidavit from being a sufficient basis for the warrant overlooks the fact that there is other information in the affidavit sufficient to support the warrant. In addition, the affidavit shows that the particular informant, as well as the other informant, was credible and reliable. One who states that he has smelled marijuana smoke would hardly be a credible and reliable informant if he did not have enough experience or familiarity with the odor of such smoke to have good judgment on the subject.
We find also that appellant's argument that the informant who smelled the marijuana smoke could, according to the affidavit, have smelled it thirteen hours before the search and for that reason it should be considered as of little value, is not convincing. In the first place, although the word "morning" is inclusive of the period between midnight and midday, we think it is more likely that in the context that word was used in the affidavit it referred to the part of May 17 between daylight and noon. Even if it was immediately after midnight, however, it would not have been so remote from the time of the search as to destroy the efficacy of the particular information. See Keller v. State, 54 Ala.App. 127, 305 So.2d 402 (1974).
By analogy to the affidavit set forth almost word for word in Keller, supra, and therein held to be sufficient, we hold that the affidavit in the case before us was sufficient to show probable cause and that the warrant issued thereon was valid.
We find no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.

ON REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
Appellant correctly states in his brief on Application for Rehearing that in our opinion we have "failed to address" the provisions of § 6.11 of the new Judicial Article (Amendment 328 of the Constitution of Alabama of 1901). We do so now.
Said Amendment 328 § 6.11 provides in full as follows:
"The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application." (Emphasis supplied).
Although Act No. 551 was not invalid by reason of any Constitutional provisions, statutes, or rules of court, considered in our original opinion, we are convinced *1250 that it is invalid by reason of the last sentence of the quoted § 6.11 of Amendment 328 to the Constitution of Alabama 1901. The Act constitutes an attempt to change the Alabama Rules of Judicial Administration, particularly Rule 18 II(A)(3)(a), which cannot be legislatively accomplished other than "by a general act of statewide application."
"Act Nos. 757 and 758 are in clear violation of Sec. 6.11 Article VI Constitution. Rules adopted by this court, authorized by the Constitution of this state, can, by express provision of the Constitution, be changed only by a general act of statewide application. By their express terms, Act Nos. 757 and 758 can apply only to Jefferson County.
"In ratifying the Judicial Article, the people of this state mandated a unified court system, with uniform rules applicable to all citizens of this state. This court has adopted rules applicable in all courts of this state. To change any rule so adopted requires a general act of state-wide application."

Cowin Equipment Co., Inc. v. Robison Mining, Ala., 342 So.2d 910, 912 (1977)
In Cowin, one of the Alabama Rules of Civil Procedure was involved, while in the instant case one of the Alabama Rules of Judicial Administration is involved. Section 6.11 of Amendment No. 328 pertains alike to rules governing the administration of all courts and rules governing practice and procedure in all courts.
By holding that the statute under which the magistrate was purportedly authorized to issue search warrants was invalid, it follows from what we have stated in the original opinion that the warrant issued by him was invalid and that the evidence obtained by virtue of the warrant was inadmissible. For the error in admitting such evidence, the judgment of the trial court must be reversed and the cause remanded.
APPLICATION FOR REHEARING GRANTED; OPINION EXTENDED, CAUSE REVERSED AND REMANDED.
All the Judges concur.