BOWEN, Judge.
This is a consolidated appeal by the State of Alabama in five cases involving two defendants (John Dowling Thomas in four cases and Robert Michael DeMent in one case). In each case , the circuit court declared the statute unconstitutional. The specific issue presented by this appeal is the constitutionality of Act Number 520 of the 1976 Regular Session of the Alabama Legislature.
Act Number 520 provides:
“Section 1. Whenever any search warrant is directed to any sheriff, or to any constable of a county, commanding him to search a person, place or vehicle in any circuit composed of one county and having not less than five nor more than seven circuit judges, where the affidavits state probable cause for believing that a violation of the laws of this state relative to narcotics or controlled substances has occurred or is occurring and that evidence of such violation may be found on such person, or in such place or vehicle, then such warrant may be executed at any time of the day or night and the magistrate issuing such warrant shall state that such warrant may be executed at any time of the day or night.
“Section 2. The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 3. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 4. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
This act became effective on August 24, 1976.
I
The defendant’s contention that the act is unconstitutional in that it violates Section 105 of the Constitution of Alabama of 1901 is without merit. In support of their contention, the defendants rely exclusively upon Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala.1978), in which the Supreme Court set forth the principles governing the question of the compliance of a statute with Section 105.
As Act Number 520 was enacted and approved prior to the decision in Peddycoart, we cannot find that it violated Section 105 of the Alabama Constitution, for it was specifically held in Peddycoart that the principles stated therein and here relied *659 upon by the defendants were of prospective application only. 354 So.2d at 814.
II
The defendants also argue that Act Number 520 violates the equal protection guaranty of the Fourteenth Amendment to the Constitution of the United States. We have found no authority, and we have been cited none, to justify that conclusion. In Newton v. State, 375 So.2d 1245 (Ala.Cr.App.), cert. denied, 375 So.2d 1250 (Ala.1979), this Court held that a statute empowering experienced magistrates in Tuscaloosa County, whether licensed attorneys or not, to issue search warrants did not violate the constitutional guarantee of equal protection. Upon similar reasoning, we find that Act Number 520 is not violative of the equal protection clause.
We also find that Act Number 520 does not violate Section 6.11 of Amendment 328 to the Alabama Constitution of 1901[1] as did the statute in Newton, 375 So.2d at 1249.
III
The defendants also argue that the circuit judge who declared the act unconstitutional in the cases presently on appeal was bound by the prior decision of another circuit judge in his circuit declaring the act unconstitutional. The defendants contend further that since the State failed to appeal the original ruling declaring Act Number 520 unconstitutional, it is bound by that decision and estopped from challenging the constitutionality of the act on appeal. An accurate and complete recitation of the authority cited by the defendants reveals these arguments to be without merit.
“(I)t is well established as a general rule that a court will adhere to a principle, not clearly erroneous, which is laid down by another court of coordinate jurisdiction, until the rule is settled otherwise by the decision of a higher court.”
21 C.J.S. Courts, Section 200 (1940).
While the circuit judge in this case may have felt bound by the prior decision of another circuit judge in the same circuit, this Court is not so obligated or compelled.
It is our conclusion that Act Number 520 is constitutional. The decision of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.

. Section 6.11 of Amendment 328 to the Alabama Constitution of 1901 provides:
“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application.”